TIMOTHY JONES, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Baxter Travenol Labs, Appellant).

Second District (Industrial Commission Division)   No. 2—91—0422WC

Opinion filed January 15, 1992.—Rehearing denied April 3, 1992.

Robert B. Ulrich, of Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellant.

Richard J. Smith, of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, for appellee.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

Respondent appeals from an order of the circuit court which reversed an Industrial Commission (Commission) decision and reinstated the arbitrator's award. The circuit court found that medical evidence, which the Commission found controlling, was improperly obtained by respondent in violation of the patient-physician privilege and, without this medical evidence, the Commission's decision denying claimant benefits could not be sustained. Respondent contends the Commission properly considered the disputed medical evidence in support of its finding that claimant failed to establish he sustained an accidental injury arising out of and in the course of his employment.

At arbitration, claimant testified that on October 10, 1983, while picking up a 140-pound roll of plastic film, he injured his back when the roll slipped from his grasp as he was placing it on a table. Claimant stated he felt pain and an immediate burning sensation in his lower back which radiated into his right leg and that he suffered no such pain or sensations at any time prior to October 10, 1983.

Claimant finished his shift and the next day saw his chiropractor, Dr. Haines, after work. Haines told claimant to contact another doctor, and claimant subsequently went to Dr. Tan on October 26, 1983. An initial hospitalization between October 27, 1983, and November 13, 1983, did not produce improvement, and claimant was eventually rehospitalized in February 1984 and administered a chemopapain injection.

Claimant stated that he notified his supervisor and company nurses about his back injury shortly after it occurred. He also testified he told other workers about his injury but could not remember any of their names.

Claimant also admitted that he had previously seen his chiropractor, Dr. Haines, on approximately six occasions over a five-year period prior to his accident, but said that all of his visits were for treatment to his upper back. Claimant denied ever having a lower-back condition or injury prior to October 10, 1983.

Claimant's foreman and two occupational nurses testified that claimant did not report an accident until a short time before his initial hospitalization. They also testified that claimant worked continuously between October 10 and October 27 at his regular duties and did not appear to be suffering from any injury relative to his back.

When respondent attempted to introduce the medical records of Dr. Haines, claimant objected. Claimant argued that the records had

been obtained from the doctor through the use of a falsified subpoena which had been altered to require the doctor to appear before a notary public at the offices of a business known as Self-Insured Services, Inc. (Self-Insured). Counsel argued that the subpoena also did not list the name of claimant's attorney, counsel was not served with the subpoena, and the subpoena bore a notation which advised the doctor that personal appearance would not be required if all of his original records were submitted to the address of Self-Insured by the return date listed on the subpoena.

The arbitrator denied respondent's motion to admit the medical records of Dr. Haines because the subpoena was altered in violation of Commission rule. In his subsequent decision, the arbitrator awarded claimant benefits for his back injury based on what the arbitrator found to be "credible and uncontroverted testimony of the petitioner."

On review, the Commission acknowledged that the subpoena issued for Dr. Haines' medical records was altered in apparent violation of Commission rule. Nevertheless, the Commission considered the medical records of Dr. Haines after expressing doubt about its ability to refuse their admission. Those medical records demonstrate that claimant began seeing Dr. Haines on August 1, 1983, for lower-back fatigue and pain on claimant's right side which radiated occasionally into claimant's right leg. Claimant visited Haines on nine separate occasions for lower-back treatment immediately prior to October 10, 1983. Haines administered treatment on each occasion, but claimant's back condition did not respond favorably to this treatment.

Relying on Dr. Haines' records and the further finding that claimant did not report an accident for approximately 2½ weeks after it allegedly occurred, the Commission concluded claimant's lower-back condition preexisted the accident and he failed to prove that the condition became disabling as a result of work-related activities or that he sustained accidental injuries as a result of his employment. Therefore, the Commission denied benefits.

On initial review, the circuit court remanded the case to the Commission to allow claimant the opportunity to rebut the medical records of Dr. Haines. On remand, after claimant failed to produce any rebuttal evidence, the Commission reissued its original opinion. On further review to the circuit court, the court concluded that the records of Dr. Haines were improperly considered by the Commission because they were obtained in violation of the patient-physician privilege. Accordingly, the circuit court reversed the Commission's decision and reinstated the arbitrator's award.

Respondent does not contest that the subpoena issued to Dr. Haines was materially altered by its agent, Self-Insured. Principal among the alterations is the fact that the subpoena was made returnable "before a notary public" at the business address of Self-Insured, rather than before the arbitrator or Commission at the time and place set for hearing of the cause as required by Commission Rule 7030.50(b) (50 Ill. Adm. Code §7030.50(b), at 5737 (1985)). In addition, the name and address of claimant's counsel were not indicated on the face of the subpoena in the space reserved for that information. Finally, the subpoena requested all of claimant's medical records, rather than those related to the particular injury for which claimant sought benefits, and the subpoena incorrectly advised the physician that he would have to appear personally unless he delivered the records to the business address of Self-Insured.

Notwithstanding these alterations, respondent contends that because claimant had placed his medical condition in question by filing the application for adjustment of claim, these records would have been obtainable had respondent strictly complied with the requirements of the Commission's rule on subpoenas. Therefore, respondent contends the circuit court erred in striking these records from consideration, the authenticity of which has never been questioned.

Claimant argues that the records cannot be considered because they were obtained in violation of the subpoena rule of the Commission and, in essence, their disclosure represents a violation of the patient-physician privilege. (See *Petrillo v. Syntex Laboratories, Inc.* (1986), 148 Ill. App. 3d 581, 499 N.E.2d 952.) In *Petrillo*, the court found, as a matter of public policy, that *ex parte* communications between counsel for one party and the physician of an adverse party to the litigation are improper and the remedy for violations of the patient-physician privilege engendered by these communications is to prohibit the admission of any evidence gleaned therefrom. Claimant argues that the improper conduct here is comparable to an *ex parte* communication and should be treated accordingly.

While we should not be heard to condone respondent's inappropriate conduct, we believe the technical violation of the Commission's subpoena rule falls short of the substantive conduct condemned in *Petrillo*. We also conclude the Commission was within its prerogative in declining to enforce the rule by appropriate sanction.

*Ex parte* communications between a litigant's physician and opposing counsel violate the patient-physician privilege, in part, because they permit revelation of confidences which have developed between the patient and physician without prior consent of the pa-

tient and without knowledge that the communications have even occurred. For this reason, they "jeopardize" the sanctity of the patient-physician relationship. (*Petrillo*, 148 Ill. App. 3d at 588, 499 N.E.2d at 957.) In contrast, the act of securing written medical records by means of a deficient subpoena does not contravene these principles. In the first instance, claimant, by virtue of filing an application of adjustment for claim, is obligated to disclose his relevant medical records upon request. (Ill. Rev. Stat. 1989, ch. 48, par. 138.8(a).) The Commission rule states, "[u]nless otherwise agreed by the parties, witnesses or documents may only be subpoenaed to appear or be produced at the time and place set for hearing of the cause." 50 Ill. Adm. Code §7030.50(b), at 5737 (1985).

■ Section 16 of the Act provides in part the Commission shall have the power to issue subpoenas *duces tecum* requiring the production of records and documents as may be evidence and to examine and inspect those records or documents. The procedures followed here did not violate the provisions of section 16. The subpoena did violate the Commission rule in that it required the doctor to appear at a time and place other than the time and place set for hearing when there was no agreement between the parties to do otherwise. Although claimant complains that his counsel was not served with a copy of the subpoena, neither the Commission rule nor section 16 of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 138.16) requires such service. Thus, had the proper subpoena issued to the doctor, respondent could legitimately have received claimant's medical records without claimant's prior knowledge. Finally, although the request for records in this case was overly inclusive and returnable at a time and place not specifically designated by rule, claimant does not suggest that the records are inaccurate or contain material to which respondent was not entitled or which would have been exempt from disclosure for any other reason.

■ The Commission is empowered to enforce its rules with appropriate sanctions when they have been violated. (See 50 Ill. Adm. Code §7030.70, at 5739 (1985).) In this case, the conduct of both parties is open to substantial criticism. Nevertheless, the Commission is the proper body to determine whether sanctions should be imposed for violations of its rules, and the Commission did not abuse its discretion in refusing to do so here. Because the medical evidence received in the Commission's discretion decisively supports the conclusion that claimant failed to establish an accidental injury within the meaning of the Act, its decision is not against the manifest weight of the evidence.

Accordingly, the order of the circuit court of Lake County is reversed, and the decision of the Commission is reinstated.

Circuit court reversed; Industrial Commission decision reinstated.

RAKOWSKI, WOODWARD, STOUDER, and LEWIS, JJ., concur.